# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:07-CV-109

**RICKEY BERNARD JONES**                                                           **PLAINTIFF**

**v.**

**KENTUCKY DEPARTMENT OF**
**CORRECTIONS, ET AL.**                                                         **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the Court upon Defendants' Motion for Summary Judgment (Docket #48). Plaintiff has responded (Docket #56). Defendants have replied (Docket #62). Plaintiff has filed a sur-reply (Docket #66). This matter is now ripe for adjudication. For the following reasons, Defendants' motion is GRANTED.

## BACKGROUND

Plaintiff Rickey Bernard Jones, a convicted state inmate, filed a *pro se* action pursuant to 42 U.S.C. § 1983 in this Court on July 10, 2007. Plaintiff's Complaint states that in December 2004, January 2005, and February 2005, he was administered urinalysis testing for substance abuse. He claims that Defendant Mazza was responsible for having issued three "consecutive harassing urinalysis testing procedures within a period of ninety [ ] days." Plaintiff claims that these tests were not random, were for harassment, and were conducted in an unreasonable manner.

Plaintiff additionally complains about the conditions of his confinement while serving his time in segregation. He advises that Defendant Strietenberger is the Unit D Segregation Supervisor. He reports that inmates in segregation were exposed to "[a]ll kinds of bugs and vermin"; were not properly fed; were not able to get haircuts; were not able to take showers

because there was no hot water; and were exposed to extreme cold because the windows were broken in the cells. He claims that "inmates were hanging themselves because it was extremely cold."

The Court conducted a preliminary review of Plaintiff's Complaint on November 12, 2009, pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court dismissed Plaintiff's Fourteenth Amendment and retaliation claims, but allowed his Fourth and Eighth Amendment claims to proceed. The Fourth Amendment claim remains pending against Defendants Mazza, McGill, and Woods in their individual capacities. The Eighth Amendment claim remains pending against Defendants Purvis and Strietenberger in their individual capacities. Defendants have now moved for summary judgment on all claims.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which

the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

The statute of limitations period for 42 U.S.C. § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Kentucky Revised Statutes § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

Additionally, under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999). "Prisoners are therefore prevented from bringing suit in federal court for the period of time

3

required to exhaust 'such administrative remedies as are available.'" *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000) (quoting § 1983). Consequently, the statute of limitations is "tolled for the period during which his available state remedies were being exhausted." *Id.*

Defendants argue that Plaintiff's Fourth Amendment cause of action accrued, at the latest, in February of 2005, and his Eighth Amendment claim accrued, at the latest, in July of 2005. Defendants further state that since Plaintiff did not file his Complaint until March 25, 2010, his claims are clearly barred by the one year statute of limitations. As a preliminary matter, the court docket in this case refutes Defendant's argument regarding Plaintiff's filing date. Plaintiff originally brought this action in federal court on July 10, 2007. Although Plaintiff filed an Amended Complaint on February 25, 2010, the amendment's only purpose was to clarify Plaintiff's claims in his original Complaint, as the Court had liberally construed the original Complaint to contain allegations of an Eighth Amendment violation. Thus, the February 25, 2010, date is irrelevant, and the Court looks to the July 10, 2007, filing date in considering whether the statute of limitations bars Plaintiff's Fourth and Eighth Amendment claims.

As noted above, Plaintiff's pursuit of state remedies tolls the statute of limitations period. In regards to Plaintiff's Eighth Amendment claim, Plaintiff submitted an Inmate Grievance Information Form on April 25, 2005, regarding the extreme cold, lack of hot water, lack of extra blankets, and broken windows. Plaintiff acknowledged in his grievance that such conditions violated his Eighth Amendment rights, among others. An informal resolution of Plaintiff's grievance was noted on April 29, 2005, in which the staff indicated that extra blankets were provided, a new water heater was installed and the inmates were offered hot showers, and that work orders had been sent requesting repair of the broken windows. Plaintiff appealed this

4

resolution to the Grievance Committee, who addressed the issue on May 13, 2005, and requested that the Unit D director follow up on the requests to have the windows repaired. The Warden reviewed the grievance on May 18, 2005, and ordered the Unit D manager to maintain a log of the repairs and to forward that log to the deputy warden as part of a monthly report. Plaintiff appealed the decision of the Grievance Committee on May 25, 2005, and the Commissioner reviewed his appeal on June 20, 2005. The Commissioner found that no further action was necessary.

Although Plaintiff argues that he was unaware of an Eighth Amendment claim until the Court liberally construed his original Complaint on November 12, 2009, the Court finds that Plaintiff was knew or should have known of the violation of his Eighth Amendment rights, which forms the basis of the claim alleged in his Complaint, at the time he filed his grievance on April 25, 2005. Plaintiff clearly mentioned such rights in his grievance. Therefore, the statute of limitations period began to run on April 25, 2005.

The statute of limitations period was tolled, however, as Plaintiff pursued his administrative remedies. There is no evidence that Plaintiff pursued any further remedies beyond the Commissioner's decision on June 20, 2005. Accordingly, the statute of limitations period for Plaintiff's Eighth Amendment claim was tolled only until that date. Plaintiff's Eighth Amendment claim is, therefore, considered timely only if filed on or before June 20, 2006. Because Plaintiff did not file his Complaint until July 10, 2007, Plaintiff's Eighth Amendment claim is barred by the one year statute of limitations. Accordingly, summary judgment on Plaintiff's Eighth Amendment claim should be granted.

Plaintiff's Fourth Amendment claim alleges that he was forced to undergo three

5

harassing urinalysis testing procedures within a period of ninety days. These procedures took place in December 2004, January 2005, and February 2005. Defendants argue that the Fourth Amendment claim is barred by the one year statute of limitations because Plaintiff should have known of this violation in February of 2005 and did not file his Complaint until after the one year limitations period. The Court agrees. Defendants' alleged Fourth Amendment violations occurred, at the latest, in February of 2005. Plaintiff should have known of this injury at that time. Plaintiff's claim is not tolled because Plaintiff failed to seek any administrative remedies related to the Fourth Amendment violation.[1] Accordingly, Plaintiff's Complaint should have been filed by February of 2006 in order to be considered timely. As Plaintiff's Complaint was not filed until July 10, 2007, his Fourth Amendment claim is barred by the one year statute of limitations.

Further, even if Plaintiff had filed his Complaint within the one year statute of limitations period, he failed to exhaust his administrative remedies under the PLRA. The Supreme Court

---

[1] Plaintiff argues that the statute of limitations period should be tolled because he appealed the Adjustment Committee's decision to discipline him after his urinalysis came back positive for marijuana. Plaintiff alleged that Defendants violated his due process rights by, among other things, denying him the opportunity to call witnesses at his hearing before the Committee and breaking the chain of custody of the urine sample. Plaintiff filed a petition for declaration of rights in Oldham Circuit Court based on these issues. The circuit court dismissed the action on May 2, 2006, and Plaintiff's appeal was ultimately denied by the Kentucky Supreme Court on April 19, 2007. Therefore, Plaintiff believes his original Complaint was timely filed on July 10, 2007.

Plaintiff's Fourth Amendment claim, however, is distinct from his due process claims. In its initial review, the Court dismissed Plaintiff's Fourteenth Amendment due process claim based on the same issues he raised in Oldham Circuit Court, but allowed Plaintiff's Fourth Amendment claim to proceed. The Fourth Amendment claim addresses only the fact that Plaintiff was subjected to three urinalysis tests within a 90-day period, and whether this was unreasonable. The statute of limitations period on Plaintiff's Fourth Amendment claim cannot, therefore, be tolled by Plaintiff's actions in regards to his due process claims.

has explained "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all administrative remedies is mandatory and the remedies provided need not meet federal standards or be plain, speedy and effective. *Id.* at 524. Even if the relief sought is not available, exhaustion is still required. *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006). One purpose of this requirement is to give prison officials an opportunity to take corrective action and eliminate the need for a lawsuit. *Porter*, 534 U.S. at 525. The PLRA not only requires exhaustion, but proper exhaustion. *Woodford*, 548 U.S. at 93. The Supreme Court explained "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the court of its proceedings." *Id.* at 90-91.

Plaintiff has not presented any evidence that he filed a grievance with prison officials regarding the three instances of urinalysis in a 90-day period. Nor is Plaintiff's Fourth Amendment claim a non-grievable issue as defined in Kentucky Corrections Policy and Procedures 14.6. Accordingly, Plaintiff failed to exhaust his administrative remedies, and the Court must grant summary judgment as to Plaintiff's Fourth Amendment claim.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED. An appropriate order shall issue.